IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WINDSTREAM, Corporation, | ) | |
| WINDSTREAM NEBRASKA, Inc., | ) | |
| WINDSTREAM SYSTEMS OF THE | ) | |
| MIDWEST, INC., and WINDSTREAM | ) | |
| BENEFITS COMMITTEE, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:08CV3173 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT BERGGREN, Individually and as | ) | MEMORANDUM AND ORDER |
| a Representative of Persons Similarly | ) | ON MOTIONS TO CERTIFY CLASS |
| Situated, LAURIE BAXTER, NEIL | ) | |
| BRAUCH, LARRY CHUBB, VIRGINIA | ) | |
| DANCZAK, KENNETH DARBY, ROY | ) | |
| EDMONDS, DIANE GIEBELHAUS, | ) | |
| KENNETH GRAHAM, BONNIE HATRA, | ) | |
| HOWARD HIGHT, JUDY HIGHT, | ) | |
| LONNIE HUSING, EDWARD JUNGCK, | ) | |
| ERVIN MATHER, ROBERT SWAILS, | ) | |
| MARY WADE, and DALE WEAVER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 11, 2008, the individually-named defendants (hereinafter "the defendants")
moved for an order certifying this action as a class action. (See filing 174.) Then on December
22, 2008, the plaintiffs and defendants filed a joint motion for class certification. (See filing
194.) Because the parties' joint motion and the defendants' original motion define the proposed
class in slightly different terms, I shall deny the defendants' original motion as moot and consider
only the joint motion.

## I.    BACKGROUND

The parties stipulate that "[t]he Proposed Class is comprised of all former bargaining and
non-bargaining employees of Aliant Communications Co. ('Aliant') presently receiving

1

Windstream welfare benefits from the [Windstream Comprehensive Plan of Group Insurance ('the Plan')] as retirees or as active employees." (Filing 194 at 2.)  They add that "[f]or these purposes, former bargaining and non-bargaining employees of Aliant include persons who were employed by one or more of the following: (i) Aliant Communications Co., formerly known as Lincoln Telephone & Telegraph Co.; (ii) Aliant Communications, Inc., formerly known as Lincoln Telecommunications, Inc.; (iii) Aliant Systems, Inc., formerly known as LinTel Systems, Inc.; and (iv) Alltel Nebraska, Inc." (Id.)  The parties also agree that, according to the plaintiffs' records, "members of the Proposed Class reside in 25 states across the country, including an estimated 826 in the State of Nebraska." (Id. at 5.)

The instant litigation arose out of the plaintiffs' recent amendments to the Plan, which modify certain welfare benefits currently provided to the members of the Proposed Class. (See filing 194 at 2.)  After the plaintiffs decided to make these amendments, several members of the Proposed Class disputed the validity of the amendments and the plaintiffs' authority to make the amendments. (See id.)  The plaintiffs then commenced this litigation, "seeking declarations from the Court that they have a right to unilaterally amend the Plan and that the Amendment in question is valid and not violative of any agreement with any member of the Proposed Class." (See id. at 2-3.)  Representatives of the Proposed Class answered and filed a counterclaim against Plaintiffs Windstream Corporation and Windstream Benefits Committee "asserting that the Amendment is not authorized by [the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1002 et seq.], [seeking to enforce] what they believe to be their rights under the Plan, [asserting] that Windstream did not have the right to adopt the Amendment and modify the benefits of the Proposed Class, and . . . seeking to enjoin the Amendment from going into effect [on] January 1, 2009." (Filing 194 at 3.)[1]

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if" the following

---

[1]The defendants' motion for a preliminary injunction has been denied. (See generally filing 195.)

prerequisites are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  In addition, even if the aforementioned prerequisites have been satisfied, a class action cannot be maintained unless the criteria set forth in one of the subsections of Rule 23(b) are met.

## III.   ANALYSIS

The parties submit that each of the prerequisites to class certification set forth in Rule 23(a) are satisfied.  I agree.

First, it is clear that "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "A number of factors are relevant to this inquiry, the most obvious of which is, of course, the number of persons in the proposed class."  Paxton v. Union National Bank, 688 F.2d 552, 559 (8th Cir. 1982).  Although "[n]o arbitrary rules regarding the necessary size of classes have been established," id., it has been noted that "the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the [party] whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone," Evans v. American Credit Systems, Inc., 222 F.R.D. 388, 393 (D. Neb. 2004) (quoting Caroline C. v. Johnson, 174 F.R.D. 452, 463 (D. Neb. 1996)).  "In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members."  Paxton, 688 F.2d at 559-60.  Here, the Proposed Class is likely to exceed 826 members.  Joinder of this many persons is impracticable, and therefore the "numerosity" requirement has been satisfied.

Second, I find that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  This "rule does not require that every question of law or fact be common to every member of the class, and may be satisfied, for example, 'where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.'"  Paxton, 688 F.2d at 561 (citations omitted).  The

3

parties have stipulated, and I agree, that the following legal and factual issues are common to the members of the Proposed Class: (1) whether the Amendment is legally effective and enforceable; (2) whether the Plan or any other operative agreement with the Proposed Class prevents or affects Plaintiffs' ability to amend the Plan; (3) whether the Amendment complies with ERISA; (4) whether the Amendment has been appropriately approved and implemented by Plaintiffs; (5) whether Windstream had the right to modify the health and welfare benefits of the Proposed Class; (6) whether the reservation-of-rights provisions in the applicable Plan documents are unambiguous; and (7) in the event the Court determines the applicable reservation-of-rights provisions to be ambiguous, whether Plaintiffs intended to vest the welfare benefits at issue." (Filing 194 at 5-6.)  The "commonality" requirement therefore has been satisfied.

Third, I find that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  This prerequisite "is generally considered to be satisfied 'if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory.'" Paxton, 688 F.2d at 561-62 (citation omitted).  And there must be "a demonstration that there are other members of the class who have the same or similar grievances as the [defendants]." Id. at 562 (citations omitted).  In other words, "[t]he court must be shown that the representative[s] [are] not alone" in their grievances "so as 'to assure that there is in fact a class needing representation.'" Id. (citation omitted).  In this case there is no dispute that the claims and defenses of the representatives and the members of the Proposed Class stem from a single event (i.e., the amendment of the Plan) and are based on theories that 1) the amendments were not validly made, and 2) certain welfare benefits cannot lawfully be reduced by the amendments. Furthermore, several members of the Proposed Class–many of whom are not named representatives–have filed objection letters which, as the parties rightly observe, "unequivocally demonstrate that their grievances and defenses are typical."  (Filing 194 at 7.)  "The burden of showing typicality is not an onerous one," id., and has clearly been satisfied in this case.

Fourth, I am persuaded that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether

the class representatives will vigorously prosecute the interests of the class through qualified counsel." Paxton, 688 F.2d at 562-63.  It is undisputed that the representatives in this case "share the same interest and have allegedly suffered the same injury as all of the other members of the Proposed Class."  (Filing 194 at 8.)  "Specifically, all members of the Proposed Class, including the [representatives], have a common interest in arguing that Windstream did not have the right to adopt the Amendment and alter the . . . welfare benefits received by the Proposed Class."  (Id.)  There is no indication of any conflict of interest between the representatives and the other members of the proposed class.  Furthermore, a review of the docket sheet demonstrates that the representatives have (and evidently will in the future) vigorously prosecute the interests of the class through qualified counsel.

Having concluded that the requirements of Rule 23(a) have been satisfied, I turn now to Rule 23(b).  Although I agree with the parties that the action is probably maintainable under Rule 23(b)(1), (2), or (3), I shall focus my analysis on Rule 23(b)(2).

Rule 23(b)(2) provides that a class action may be maintained if Rule 23(a) is satisfied and "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  This rule has clearly been satisfied in the instant case: the requirements of Rule 23(a) are satisfied; the plaintiffs have amended the plan that provides welfare benefits to the entire Proposed Class; and the injunctive relief sought by the defendants–and the corresponding declaratory relief sought by the plaintiffs–will apply to the class as a whole.

In light of the foregoing, this action shall be certified as a class action.  The class is defined as all former bargaining and non-bargaining employees of Aliant Communications Co. (Aliant) presently receiving Windstream welfare benefits from the Windstream Comprehensive Plan of Group Insurance as retirees or as active employees, and "former bargaining and non-bargaining employees of Aliant" include persons who were employed by one or more of the following: (i) Aliant Communications Co., formerly known as Lincoln Telephone & Telegraph Co.; (ii) Aliant Communications, Inc., formerly known as Lincoln Telecommunications, Inc.; (iii) Aliant Systems, Inc., formerly known as LinTel Systems, Inc.; and (iv) Alltel Nebraska, Inc. The class claims, issues, and defenses are those described above and in my memorandum on the

5

defendants' motion for a preliminary injunction.  Specifically, the claims, issues, and defenses center upon whether the plaintiffs have the unilateral right to amend or terminate the Windstream Comprehensive Plan of Group Insurance; whether the proposed amendments to the Plan are effective and enforceable; and whether the amendments violate the Plan or any other operative agreement with the defendants (e.g., by limiting or eliminating "permanent rights" or vested benefits).

In addition, I find that David A. Domina and Terry A. White of DominaLaw Group shall be appointed as class counsel.  See Fed. R. Civ. P. 23(c)(B), (g).  In making this finding, I have considered the work counsel have already done in identifying and investigating the class claims; counsel's experience in handling class actions and other complex litigation, as described in the parties' stipulation (see filing 194 at 9-10); counsel's knowledge of the applicable law, as demonstrated in the briefing completed to date and in the hearing on the defendants' motion for a preliminary injunction; and the resources that counsel will commit to representing the class, again as described in the parties' stipulation.

**IT IS ORDERED** that the parties' joint motion to certify class, filing 194, is granted, and the defendants' motion for class certification, filing 174, is denied as moot.  The class, along with the class claims, issues, and defenses, are defined as stated in the memorandum accompanying this order, and David A. Domina and Terry A. White are appointed as class counsel.

Dated December 31, 2008.

BY THE COURT

s/  Warren K. Urbom
United States Senior District Judge

6