IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WINDSTREAM CORPORATION,<br>WINDSTREAM NEBRASKA, INC.,<br>WINDSTREAM SYSTEMS OF THE<br>MIDWEST, INC., and<br>WINDSTREAM BENEFITS COMMITTEE,<br><br>    Plaintiff,<br><br>-v-<br><br>COMMUNICATIONS WORKERS OF AMERICA UNION LOCAL NO. 7470 and LAURIE BAXTER, ROBERT BERGGREN, NEIL BRAUCH, LARRY CHUBB, VIRGINIA DANCZAK, KENNETH DARBY, ROY EDMONDS, DIANE GIEBELHAUS, KENNETH GRAHAM, BONNIE HATRA, HOWARD HIGHT, JUDY HIGHT, LONNIE HUSING, EDWARD JUNGCK, ERVIN MATHER, ROBERT SWAILS, MARY WADE, and DALE WEAVER, Individually and as Representatives of Persons Similarly Situated,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 4:08-cv-3173<br><br><br><br>STIPULATED PROTECTIVE ORDER |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties hereto, by and through their respective undersigned counsel, hereby stipulate and agree to the entry of the following Stipulated Protective Order to expedite the flow of discovery, facilitate the resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and assure protection is afforded only to such deemed material.

IT IS HEREBY ORDERED THAT:

1. This Stipulated Protective Order shall govern the handling of documents, materials, depositions, deposition exhibits, and any other information designated as "Confidential Information" by any party in accordance with this Stipulated Protective Order.
2. "Confidential Information" under this Stipulated Protective Order is defined as:

   (a) documents, information and things produced during discovery, or produced pursuant to a subpoena duces tecum or otherwise;

   (b) evidence adduced before or during trial and portions of testimony to be taken (whether at deposition, hearing or trial);

   (c) pleadings, affidavits, briefs, motions, transcripts and other writings that may be filed; or

   (d) various other matters that include data or information,

that contain information sensitive to the party's or parties' business or affairs, contain trade secrets, or contain information relating to non-parties (including personnel records, financial records, and other confidential personal or business information).

  3. If a party determines that a document or thing of any description to be furnished, produced or made a part of any pleadings or other papers to be filed, or any briefs, testimony, affidavits or evidence to be offered contains or may contain Confidential Information, the party requesting protection shall designate such document, information, evidence, pleadings, testimony or affidavit as Confidential Information in the following manner:

a. In the case of documents and written materials, the party seeking protection shall stamp or declare as "CONFIDENTIAL" the documents or written materials that will be covered by this Stipulated Protective Order.

b. In the case of transcribed hearings, transcribed files, deposition testimony, affidavits, pleadings and other papers or writings to be filed with the Court, by advising the other parties in writing of the portions deemed to be Confidential Information. For testimony taken during a deposition, hearing or other proceeding, testimony that may contain Confidential Information also may be designated as such at the time of the deposition, hearing or proceeding.

c. In the case of information retained or maintained in a computerized or other machine readable form that has not been transcribed into a printed form, the party seeking protection shall notify the other party of the type or category of such information that is Confidential Information.

    4. This Stipulated Protective Order shall be without prejudice to the right of any party (a) to bring before the Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information constitutes Confidential Information; (b) to seek a further protective order; (c) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (d) by application and notice, to seek relief from any provision of this Stipulated Protective Order on any ground. During the pendency of any challenge to the applicability of this Stipulated Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Stipulated Protective Order.

    5. If a party realizes that some portion(s) of material or information that the party previously produced without limitation should be designated as Confidential Information, it may so designate by so apprising all parties in writing, and such designated portions(s) of the material or information will thereafter be treated as Confidential Information under the terms of this Stipulated Protective Order, except that no liability shall arise from any disclosure of such material or information before the designation.

    6. Documents, materials, things, testimony, pleadings, various matters and information designated as Confidential Information:

a. Except as provided herein, the parties shall not use or disclose Confidential Information for any purpose other than the litigation or the proceeding for which such information was requested;

b. The parties shall not disclose Confidential Information to anyone other than the Court and its staff, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts;

c. If any party, attorney or individual shall disclose Confidential Information to a consultant or expert witness, it is the obligation of the disclosing party to provide such person with a copy of this Stipulated Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto as Exhibit A) whereby such person agrees to be bound by the terms of this

3
80497463.1

Stipulated Protective Order.  A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, shall produce the same to counsel for the non-disclosing party.  If any party discloses Confidential Information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Stipulated Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Stipulated Protective Order.  Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon Court order; and

d.  If any person to whom disclosure is permitted under this Stipulated Protective Order is a nonparty witness or deponent who has not signed a Confidentiality Agreement (in the form attached hereto as Exhibit A), then it is the obligation of the disclosing party to ensure that such person is not permitted to retain or make copies of any Confidential Information disclosed to such person.  It is the intent of the parties hereto that Confidential Information not be used for any purpose outside the reasonable conduct of this case.

7.  All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose any Confidential Information, shall be filed under seal pursuant to any rules or orders pertaining to the filing of information and documents under seal.  The parties will use their best efforts to minimize such sealing.  Any document filed under seal will be labeled as follows:

**"Confidential"**

This envelope contains a [describe document or items contained] that has been designated as protected and confidential to any person other than the Court or its personnel except by order of the Court or upon stipulation of the parties.

4
80497463.1

8. This Stipulated Protective Order may be modified by the Court at any time on its own motion. The Court may also impose sanctions or find in contempt any party or persons bound by this Stipulated Protective Order found in violation of the terms of this Stipulated Protective Order.

9. Within a reasonable time after the final determination of this action, each party to this litigation shall assemble and return to the producing party or parties the originals of Confidential Information. All copies, in whatever form, shall also be returned or destroyed. In the event Confidential Information is not returned or destroyed as required herein, the Confidential Information shall be identified by counsel and continued to be held subject to the terms of this Stipulated Protective Order.

10. This Stipulated Protective Order shall be binding upon the parties, their counsel, predecessors, successors, parents, subsidiaries, affiliates, employees, agents, representatives, and assigns.

Dated this 20th day of April, 2009.

By:   *s/ Lawrence A Fogel*
     Lawrence A. Fogel admitted
     *pro hac vice*
         FULBRIGHT & JAWORSKI L.L.P.
     2200 Ross Avenue, Suite 2800
     Dallas, Texas 75201
     (214) 855-8000

**Counsel for Plaintiffs**

Dated this 20th day of April, 2009.

By:   *s/ Terry A. White*
     Terry A. White, # 18282
     DOMINALAW Group pc llo
     2425 S. 144th Street
     Omaha, NE 68144
     (402) 493-4100

**Counsel for Individual Defendants**

Entered this 21st day of April, 2009.

BY THE COURT

s/ David L. Piester

David L. Piester
United States Magistrate Judge

5
80497463.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2009, I electronically transmitted the foregoing to the Clerk of the Court using the CM/ECF system which sent notice of electronic filing to all counsel of record.

    /s/ Lawrence Fogel
Lawrence A. Fogel – admitted *pro hac vice*

**Exhibit A**

**CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered by the United States District Court for the District of Nebraska in the matter *Windstream Corporation, et al. v. Communications Workers of America Local Union No. 7470, et al.*, Case No. 4:08-CV-3171, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

Dated this _____ day of _____, 2009.

80497463.1